UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:18cr108/MCR

JOHNNIE HILL CALLAHAN III

_____/

**PRELIMINARY ORDER OF FORFEITURE**

THIS CAUSE comes before the Court upon the United States of America's Motion for entry of a Preliminary Order of Forfeiture for the following:

**A. One (1) Bushmaster Model XM15 .223 Semi-automatic Rifle with magazine, SN: BFIT025706;
B. Six (6) Pieces of Assorted Jewelry; and
C. $9,246.00 in United States currency.**

1. On February 19, 2019, a Federal Grand Jury sitting in the Northern District of Florida issued seven-count Superseding Indictment against the defendant and others. The Superseding Indictment charged the defendant with the following: Count One - the offense of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, and 100 grams or more of a mixture and substance containing a detectable amount of heroin,

1

and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(i), 841(b)(1)(C), and 846; Counts Two and Four - each charging the offense of distribution or possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2; Count Three - the offense of distribution or possession with intent to distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii), and Title 18, United States Code, Section 2l; Count Five - the offense of possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, and 100 grams or more of a mixture and substance containing a detectable amount of heroin, and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(i) and 841(b)(1)(C), and Title 18, United States Code, Section 2; Count Six - the offense of possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); and Count Seven - the offense of possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). (Doc. 31).

2. The Superseding Indictment included a Controlled Substance Forfeiture provision, pursuant to Title 18, United States Code, Section 853a)(1) and 853(a)(2), that put the defendant on notice that the United States would seek to forfeit the assorted jewelry, and the United States currency as property involved in the offenses alleged in Counts One through Five. The Superseding Indictment also included a Firearm Forfeiture provision, pursuant to Title 18, United States Code, Section 924(d)(1) that put the defendant on notice that the United States would seek to forfeit the Bushmaster Model XM15 .223 Semi-automatic Rifle with magazine as property involved in the offense alleged in Counts Six and Seven. (*Id.*)

3. On April 16, 2019, the defendant plead guilty to Counts One through Six of the Superseding Indictment and specifically agreed to forfeit the $9,246.00 in United States currency, the six (6) pieces of assorted jewelry, and the firearm and ammunition referenced above. (Docs. 90-92).

4. Being fully advised in the premises, the Court finds, based on the evidence already in the record, that the above-listed property is subject to forfeiture pursuant to Title 18, United States Code, Sections 853a)(1), 853(a)(2), and 924(d)(1), and that the government has established the requisite nexus between such property and the offenses to which he pled guilty.

Accordingly, it is hereby:

**ORDERED, ADJUDGED and DECREED** that based on the foregoing, the United States' motion is **GRANTED**.

It is **FURTHER ORDERED** that, pursuant Title 18, United States Code, Sections 853a)(1), 853(a)(2), 924(d)(1); Title 28, United States Code, Section 2461(c); and Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant's interest in the assets identified above are hereby forfeited to the United States for disposition according to law.

It is **FURTHER ORDERED** that, upon the entry of this Order, the United States is authorized to seize the assets above, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Federal Rules of Criminal Procedure, Rule 32.2(b)(3).

It is **FURTHER ORDERED** that, upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

It is **FURTHER ORDERED** that, in accordance with the law, the United States shall cause to be published at least once, notice of this Order, notice of its intent to dispose of the property in such manner as the Attorney General (or a designee) may direct, and notice that any person, other than the defendant, having

or claiming a legal interest in the aforementioned property must file a petition with the Court within thirty (30) days of the final publication of the notice, or within sixty (60) days of the first date of publication on the official internet government forfeiture site at www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the above-described property.

It is **FURTHER ORDERED** that any person, other than the above-named defendant, asserting a legal interest in the above-described property may, within thirty (30) days of the Final Publication of Notice or Receipt of Notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to Title 28, United States Code, Section 2461(c), which incorporates Title 21, United States Code, Section 853(n).

It is **FURTHER ORDERED** that, pursuant to Federal Rules of Criminal Procedure, Rule 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Federal Rules of Criminal Procedure, Rule 32.2(c)(2).

It is **FURTHER ORDERED** that any petition filed by a third party asserting an interest in the subject property shall be signed by petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, the title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

It is **FURTHER ORDERED** that, after the disposition of any motion filed under Federal Rules of Criminal Procedure, Rule 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

It is **FURTHER ORDERED** that the United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2) (which is incorporated by Title 28, United States Code, Section 2461(c)), for the filing of third party petitions.

It is **FURTHER ORDERED** that the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rules of Criminal Procedure, Rule 32.2(e).

Dated: July 11, 2019.

/s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**