IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                     Case Nos.:   3:18cr108/MCR/HTC
                                                     3:20cv3040/MCR/HTC

JOHNNIE HILL CALLAHAN, III

---

### REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's letter motion to the court. (ECF No. 223).   In the letter motion, Defendant complains he did not receive effective assistance of counsel during the guilty plea negotiations and that counsel withheld discovery and other information from him.   He further claims he was prejudiced by his counsel's performance and that the outcome of the proceedings would have been significantly different had it not been for his counsel's deficient performance.   Although it is unclear what relief Defendant seeks, due to the nature of the claims raised, the letter motion has been construed and docketed as a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[1]   The undersigned finds, however, that the motion should be dismissed without prejudice for lack of jurisdiction due to a pending direct appeal.

---

[1] Defendant begins the letter by stating that he "files this complaint, pursuant to the Bill of Rights,

The record reflects that a Judgment was entered against Defendant on August 1, 2019 (ECF Doc.146), and Defendant filed a notice of appeal on August 16, 2019 (ECF Doc. 150).   The appeal, docketed as Appeal No.: 19-13330, remains pending. Thus, Defendant's Judgment is not yet final for purposes of habeas review[2], and this court lacks jurisdiction to consider and rule on the § 2255 motion, or to "take any action with regard to the matter except in aid of the appeal."   *United States v. Diveroli*, 729 F. 3d 1339, 1342 (11th Cir. 2013) (citation omitted); *Blair v. United States,* 527 F. App'x 838, 839 (11th Cir. 2013) ("in the absence of extraordinary circumstances, a district court does not have jurisdiction to consider or rule on a § 2255 motion during the pendency of a direct appeal of the underlying criminal conviction or sentence").

---

Florida Bar Rules of Professional Responsibility and 18 U.S.C. § 241, 18 U.S.C. § 242."   To the extent Defendant is seeking to assert some sort of civil cause of action, he must file a separate action utilizing this Court's complaint forms for prisoners and pay the requisite filing fee or move for indigency status.   Defendant must also identify the defendant(s) he sues as well as the claims being alleged and facts supporting those claims.   To the extent Defendant is seeking to file a bar complaint against his counsel, this Court does not have jurisdiction over such a complaint.

[2] Where a defendant has filed a direct appeal, the judgment becomes final when the United States Supreme Court denies certiorari or issues a decision on the merits, assuming a petition for a writ of certiorari has been filed, or if no petition has been filed ninety (90) days after entry of judgment on the direct appeal.   *See Ramirez v. United States*, 146 F. App'x 325, 326 (11th Cir. 2005).

Case Nos.: 3:18cr108/MCR/HTC; 3:20cv3040/MCR/HTC

Therefore, the undersigned finds that the instant motion should be dismissed without prejudice to its re-filing, if appropriate, after Defendant's direct appeal has concluded, provided that he does so within the statute of limitations period applicable to petitions filed under § 2255.    By issuing this Report and Recommendation, however, the undersigned is not making any determinations regarding the merits of the allegations raised in the letter motion or whether there may be any procedural barriers to claims Defendant may raise in a later-filed § 2255 petition.

Accordingly, it is respectfully **RECOMMENDED:**

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 223) be **DISMISSED without prejudice.**

At Pensacola, Florida, this 12th day of February, 2020.


s/ *Hope Thai Cannon*
Hope Thai Cannon
United States Magistrate Judge


Case Nos.: 3:18cr108/MCR/HTC; 3:20cv3040/MCR/HTC

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.